HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.T. et al., | |
| Plaintiffs, | CASE NO. C12-90 RAJ |
| v. | ORDER |
| REGENCE BLUESHIELD, et al., | |
| Defendants. | |

    This matter comes before the court on plaintiffs' motion for leave to amend the complaint. Dkt. # 68. Plaintiffs seek leave to amend the complaint for one purpose: to add B.S. as a named plaintiff to ensure prospective injunctive relief for coverage of neurodevelopmental therapies to treat DSM conditions for persons over the age of six.

    In the Ninth Circuit and in this District, the law is well settled. If none of the named plaintiffs purporting to represent a class establishes the requisite case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). "In the context of a class action, '[a]t least one *named* plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class.'" *Williams v. The Boeing Co.*, Case No. C98-761P, 2005 WL 2921960, *3

ORDER- 1

(W.D. Wash. 2005) (quoting *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)) (emphasis in original). "In cases where multiple claims are asserted, 'it is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to just one of many claims he wishes to assert.'" *Id.* (quoting *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987)). "Instead, 'each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.'" *Id.* Where a named plaintiff never had standing to bring a claim in the first instance, substitution or intervention is not warranted. *Lierboe*, 350 F.3d at 1023.

      Here, plaintiffs have conceded that J.T. does not have standing to seek prospective injunctive relief to obtain coverage of neurodevelopmental therapies to treat DSM conditions for persons over the age of six. In its June 4, 2013 order, the court found that "S.A. has not demonstrated that she has a redressable injury, given her concession that her speech therapy would not be covered by the neurodevelopmental therapy benefit regardless of her age."[1] Dkt. # 67. Accordingly, neither J.T. nor S.A. had standing in the first instance to pursue prospective injunctive relief for coverage of neurodevelopmental therapies to treat DSM conditions for persons over the age of six.[2] The fact that the court found that S.A. has standing on other claims does not change this conclusion. *See Williams*, 2005 WL 2921960 at *3. As such, substituting a new named plaintiff is not warranted. The court recognizes that the practical implication of its order may result in

---

[1] During oral argument on summary judgment, plaintiffs conceded that S.A.'s delay in development is related to her Down's Syndrome, which qualifies as an "Illness," and therefore her recommended speech therapy does not qualify as a neurodevelopmental benefit.

[2] The court recognizes that a named plaintiff whose individual claims have become moot may continue as class representative and may substitute a proper class representative. However, *Sherman v. Griepentrog*, 775 F. Supp. 1383 (D. Nev. 1991), on which plaintiffs rely, was a mootness case. This is not a mootness case. J.T. and S.A. did not have standing from the outset to seek prospective injunctive relief for neurodevelopmental therapy benefits.

ORDER- 2

1  B.S. filing a separate complaint.  However, the *Lierboe* court was also mindful of judicial
2  economy considerations in finding that substitution or intervention was not warranted.
3       For all the foregoing reasons, the court DENIES plaintiffs' motion for leave to
4  amend the complaint.[3]  Since plaintiffs' motions for class certification and summary
5  judgment are premised on the court allowing amendment to add B.S., those motions are
6  now MOOT.  The Clerk is directed to terminate all pending motions.
7       Dated this 1st day of July, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[3] Separate and independent grounds also exist to deny relief.  The deadline to amend the pleadings expired in December 2012.  Although plaintiffs found out about B.S. in January 2013, they never moved the court for an order to amend the pleadings to add B.S.  In waiting six months until after the court ruled on the motions for class certification and summary judgment, plaintiffs have not demonstrated diligence or good cause to extend the case schedule.