HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J.T. et al.,

            Plaintiffs,

    v.

REGENCE BLUESHIELD, et al.,

            Defendants.

CASE NO. C12-90 RAJ

ORDER

       This matter comes before the court on defendants' Rule 54(b) motion for entry of judgment regarding plaintiff S.A.'s claims. Dkt. # 89. Defendants rely on the court's June 4, 2013 order that denied defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, and denied S.A.'s motions for class certification and summary judgment. Dkt. # 67.[1]

       The only relief S.A. seeks relates to coverage under the mental health services benefit of her plan. This is significant for S.A. because the mental health services benefit covers mental health services for treatment of mental health conditions, which is defined as mental disorders in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders ("DSM"). Dkt. # 17-2 at 22. S.A's plan defines "mental health services" to include medically necessary outpatient services, and the benefit does not

---

[1] *J.T. v. Regence Blueshield*, 291 F.R.D. 601 (2013).

ORDER- 1

contain an annual monetary cap on coverage like the neurodevelopmental therapy, to which S.A. has conceded she is not entitled, or rehabilitation benefits, to which defendants concede S.A. is entitled. Thus, if S.A. qualifies under the mental health services benefit, she would presumably be entitled to unlimited benefits, rather than be subject to the treatment limits under the rehabilitation benefits.

In the order denying summary judgment, the court found that an issue of material fact exists regarding whether S.A.'s recommended speech therapy is designed to treat her DSM-IV mental health condition where defendants' expert called her DSM-IV diagnoses into question. Dkt. # 67 at 21-22; 291 F.R.D. at 614. Thus, no final order was made regarding whether S.A. had a DSM-IV condition or whether speech therapy to treat her DSM-IV condition was required to be covered under the mental health services benefit of her plan.

However, the court continued, in dicta, to indicate that the court was persuaded by recent rulings in this District and in King County Superior Court that found that visit limits and annual monetary caps on neurodevelopmental therapy services did not violate the Mental Health Parity Act ("Parity Act"). *Id.* at 21-22; 291 F.R.D. at 614. The court then stated:

> Here, S.A. contends that the issue of treatment limits is not before this court, and that "[w]hether Regence might attempt to impose such limits under its contracts is an issue for another day." Dkt. # 59 at 3. However, the result that she seeks (a court order requiring Regence to provide coverage under its limitless mental health services benefit) necessarily invokes the same principles at issue before the *Z.D.* and *O.S.T.* courts. This court finds their reasoning persuasive. The Parity Act requires parity. It does not require that persons seeking treatment for DSM-IV conditions be treated more favorably than persons seeking treatment for physical conditions.

*Id.* at 22; 291 F.R.D. at 614. The effect of this reasoning to S.A.'s claim means that she would not be entitled to **unlimited** benefits under the mental health services benefit where she is seeking treatment for DSM-IV conditions that are more favorable than

1  treatment for physical conditions.  Indeed, the court noted that there are no age limits and
2  no annual monetary caps for services provided under the mental health services benefit,
3  whereas the neurodevelopmental therapy and rehabilitation benefits capped annual
4  services at $1,500.  Dkt. # 67 at 20; 291 F.R.D. at 614 (citing Dkt. # 17-2 at 22, 24).  S.A.
5  conceded that the remedy she seeks would result in more favorable coverage for persons
6  with DSM-IV conditions than those without such conditions.  Dkt. # 59 at 5.  However,
7  the court's order rejected this argument in concluding that the Parity Act requires parity,
8  and that it does not require that persons seeking treatment for DSM-IV conditions be
9  treated more favorably than persons seeking treatment for physical conditions.  Dkt. # 67
10 at 22; 291 F.R.D. at 614.

11         Nevertheless, the question of whether S.A. is entitled to the mental health services
12 benefit in the first instance remains unadjudicated.  Accordingly, the court DENIES
13 defendants' Rule 54(b) motion.  The court notes that the practical implication of this
14 result seems to be that S.A. is entitled to the same benefit under both the rehabilitation
15 benefit and the mental health services benefit.  The court ORDERS the parties to meet
16 and confer regarding whether the court's observation of the result of this order is accurate
17 and whether the parties would like to proceed with a *Kearney* briefing schedule with
18 respect to S.A.'s claim, as previously requested.  If the parties wish to proceed with a
19 *Kearney* briefing schedule to resolve S.A.'s claim, they shall provide a proposed briefing
20 schedule to the court.  The parties shall file a stipulated motion addressing these issues
21 and providing guidance as to how they would like to proceed no later than April 18,
22 2014.

23         Dated this 7th day of April, 2014.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER- 3